# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY S. TAYLOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:20-CV-242 SRC |
| | ) | |
| BILL STANGE, | ) | |
| | ) | |
| Respondent. | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on self-represented Petitioner Anthony S. Taylor's amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 10. For the reasons discussed below, the petition will be denied and dismissed as successive. *See* 28 U.S.C. § 2244(b).

### Background

Petitioner is currently incarcerated in the Southeast Correctional Center in Charleston, Missouri. On June 14, 2010, Petitioner pleaded guilty to two counts of first-degree assault of a law officer in violation of Mo. Rev. Stat. § 565.081 and two counts of armed criminal action in violation of Mo. Rev. Stat. § 571.015. *See State v. Taylor*, Case No. 0922-CR00275-01 (22nd Jud. Dist., St. Louis City).[1] On August 5, 2010, Petitioner was sentenced to terms of 25 years' imprisonment for each count, with the sentences to run concurrently. *Id.* Petitioner filed a motion for post-conviction relief pursuant to Rule 24.035, which was denied without an evidentiary hearing, and the denial of relief was affirmed on appeal on November 20, 2012. *Taylor v. State*, 386 S.W.3d 210 (Mo. Ct. App. E.D. 2012).

---

[1] Petitioner's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district courts may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

On June 11, 2013, Petitioner filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. *See Taylor v. Wallace*, Case No. 4:13-CV-1149-HEA (E.D. Mo.). He sought relief on four grounds: (1) trial counsel was ineffective in promising him a ten-year sentence; (2) the judgment of conviction or sentence imposed violated the constitution or laws of Missouri; (3) he entered a plea because of a coerced confession and "the court was actual prejudice;" and (4) "due process rights of law violated to present a defense, a jury trial and against self-incrimination." *Id.*

On July 7, 2016, this Court dismissed the petition for the reason that the "state courts' rulings with respect to Petitioner's prayer for relief were neither contrary to, nor unreasonable applications of, clearly established federal law" and because Petitioner failed to sufficiently present facts in support of his claims. *See Taylor v. Wallace*, Case No. 4:13-CV-1149-HEA, 2016 WL 3653951 (E.D. Mo. July 7, 2016). Petitioner did not file a notice of appeal.

### Instant Amended Petition

On November 11, 2020, Petitioner filed a handwritten "Motion for Re-Sentence." ECF No. 1. This Court construed the filing as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and ordered Petitioner to submit an amended petition because it was not on a Court form as required by Local Rule 2.06(A). *See* ECF No. 4. On January 27, 2021, Petitioner timely complied and filed the instant amended petition on a Court form as well as a supplemental handwritten document titled "Amended Motion for Re-Sentence." *See* ECF Nos. 10 and 11.

The amended petition asserts three grounds to support his petition. Petitioner again alleges: (1) his trial counsel was ineffective in promising him a ten-year sentence; (2) the judgment of conviction or sentence imposed by the circuit court violated the constitution or laws of Missouri;

and (3) he entered a guilty plea because of a coerced confession and "the court was actual prejudice." *See* ECF No. 10 at 4-13. These grounds are identical to those he previously presented to this Court and which were dismissed on July 7, 2016 in *Taylor v. Wallace*, Case No. 4:13-CV-1149-HEA.

**Discussion**

Petitioner is a self-represented litigant who brings the instant amended petition pursuant to 28 U.S.C. § 2254. For the reasons discussed below, the amended petition must be denied and dismissed because it is successive. *See* 28 U.S.C. § 2244(b).

**A. Successive Petition**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to all petitions for federal habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 326-29 (1997). Under the AEDPA, there is a "stringent set of procedures" that a state prisoner "must follow if he wishes to file a second or successive habeas corpus application challenging that custody." *Burton v. Stewart*, 549 U.S. 147, 152 (2007).

Generally, a claim presented in a "successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). For claims in a successive application that were not presented in a prior application, however, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See also Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (stating that authorization by the Eighth Circuit Court of Appeals is a "prerequisite under 28 U.S.C. § 2244(b)(3) . . . to the filing of a second or successive habeas petition").

In this case, as noted above, Petitioner filed his first 28 U.S.C. § 2254 petition on June 11, 2013. *See Taylor v. Wallace*, Case No. 4:13-CV-1149-HEA (E.D. Mo.). The petition was denied on the merits on July 7, 2016. Petitioner did not appeal. Because Petitioner has filed a prior petition, the instant 28 U.S.C. § 2254 amended petition is successive.

To the extent that Petitioner seeks to relitigate claims he brought in his original 28 U.S.C. § 2254 petition, those claims must be dismissed pursuant to 28 U.S.C. § 2244(b)(1). To the extent that Petitioner seeks to bring new claims for habeas relief, he must first obtain leave from the United States Court of Appeals for the Eighth Circuit before bringing those claims in this Court. 28 U.S.C. § 2244(b)(3)(A). Petitioner has not been granted leave to file a successive habeas petition by the Eighth Circuit Court of Appeals. Therefore, the petition must be denied and dismissed as successive.

### B. Summary Dismissal

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. Here, it plainly appears Petitioner is not entitled to relief because he has previously filed a habeas petition in this Court, making the instant petition successive. Moreover, Petitioner has not received authorization from the United States Court of Appeals for the Eighth Circuit, meaning that the Court cannot consider his petition.

### C. Certificate of Appealability

The Court has considered whether or not to issue a certificate of appealability. In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing

that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has not made such a showing, so the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [ECF No. 10] is **DENIED AND DISMISSED AS SUCCESSIVE**. *See* 28 U.S.C. § 2244(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

Dated this 28th day of January, 2021.

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE